UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL RODRIGUEZ ALVARADO,<br>Petitioner,<br>v.<br>CHRISOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-04367-DJC-AC<br><br><u>ORDER</u> |

Before the Court is Petitioner's First Amended Petition for Writ of Habeas Corpus ("FAP" (ECF No. 8)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE") for thirty-four months pursuant to 8 U.S.C. § 1226(c)(1). For the reasons stated below, the Court finds Petitioner is entitled to a bond hearing.

**BACKGROUND**

Petitioner is a noncitizen born in El Salvador who entered the United States on January 1, 2000, at the age of nine. (FAP ¶ 31.) He is the father of a minor child named Aaron Victor Manuel, who has no contact with his mother and is currently in the care of Petitioner's sister, Fiorella Rodriquez. (*Id.* ¶¶ 33, 25.) Petitioner received

Temporary Protected Status in 2004 but was denied renewal in 2018. (*Id.*, Ex. 6. at 76.[1])

Between 2015 and 2019, Petitioner was convicted of theft, possession of controlled substance (twice), and carrying a concealed dirk of dagger. (FAP, Ex. 6. at 76.) In June 2020, he was convicted of burglary and sentenced to two years of imprisonment; in March 2023, he was convicted of grand theft of an automobile and sentenced to one year and four months of imprisonment. (*Id.*) Petitioner was arrested upon his release from state prison. (*Id.*)

On August 21, 2023, Petitioner was served a Notice of Custody Determination informing him that he would be detained during the pendency of his removal proceedings. (Opp'n (ECF No. 10) at 2.) Petitioner initially requested a custody re-determination hearing but withdrew the request. (*Id.*) Petitioner has been detained by ICE since August 24, 2023 and is currently located at the California City Immigration Processing Center in California City, California. (FAP ¶ 2.)

In November of 2023, Petitioner filed a I-589, Application for Asylum and Withholding of Removal. (FAP, Ex. 5.) Petitioner appeared pro se at an individual hearing in Immigration Court removal proceedings on January 8, 2024, and an Immigration Judge denied his request for asylum and ordered him removed. (FAP ¶¶ 19–20.) Two years later, on January 16, 2026, Petitioner filed a motion to reopen in Immigration Court based, inter alia, on the "new and previously unavailable material evidence" and "changed country conditions" in El Salvador. (FAP, Ex. 2 at 31-32.) The Immigration Judge denied Respondent's Motion to Reopen on January 27, 2026. (*Id.* at 35.)

On March 2, 2026, Petitioner filed a request with the Board of Immigration Appeals (BIA) to reverse the denial and remand the case to Immigration Court for further proceedings. (FAP, Ex. 3 at 38.) Petitioner also filed an Appeal from a

[1] While the Court normally uses original pagination, in the present case Court employs the pagination assigned by the CM/ECF system for clarity.

Decision of the Immigration Court with the Ninth Circuit, alleging various errors in the Immigration Judge's denial of relief and arguing that the Ninth Circuit can review the Immigration Judge's Decision because the claims are not subject to exhaustion. (FAP, Ex. 4 at 59-61). Petitioner's removal order is stayed pending appeal. (Opp'n at 1.)

On June 8, 2026, Petitioner filed a pro se Petition for Writ for Habeas Corpus. (Pet. (ECF No. 1).) This Court appointed counsel, and Petitioner filed an Amended Petititon on June 30, 2026. (*See* FAP.) The briefing of this matter is complete. (*See* FAP; Opp'n; Reply (ECF No. 11).)

**DISCUSSION**

This Court has previously joined other districts in concluding that the unreasonably prolonged detention without a bond hearing can violate the Due Process Clause. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)); *Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117, at *1 (E.D. Cal. Mar. 17, 2026). As this Court has explained in past cases, *Demore v. Kim*, 538 U.S. 510 (2003) contemplated limits to mandatory detention under section 1226(c) and cannot be used to justify indefinitely prolonged detention. *See, e.g.*, *Yang v. Chestnut*, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018, at *2 (E.D. Cal. Apr. 3, 2026).

To determine if Petitioner's due process rights have been violated, the Court "first asks whether there exists a protected liberty interest under the Due Process Clause," then "examines the procedures necessary to ensure any deprivation of that

protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in August of 2023 (FAP ¶ 2) and has remained in custody for almost thirty-five months, or close to three years. Petitioner faces indefinitely prolonged detention while the administrative and judicial review of his asylum claim takes place. As Petitioner has been deprived of the liberty secured by the Due Process Clause, and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution. Courts in this Circuit weigh the following factors to ascertain when prolonged detention pursuant to 8 U.S.C. § 1226(c) violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

First, the length of detention, which is "the most important factor," weighs overwhelmingly in Petitioner's favor as Petitioner has been detained for over thirty-four months. *Martinez*, 2019 WL 5968089, at *9. This substantial duration is well past the length other courts have found warrants a bond hearing under the Due Process Clause. *See, e.g.*, *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (E.D. Cal.

2022) (finding that detention spanning twelve months weighed in favor of granting bond hearing); *Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor); *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases).

The second factor also weighs in Petitioner's favor. This factor requires consideration of "the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. Petitioner's appeals from the Immigration Judge's January 2024 decision remain pending in both the BIA and the Ninth Circuit, which creates a substantial anticipated duration for his proceedings. *See Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (collecting cases where an appeal "had already been filed" and "the courts found that length of appeal favored petitioner" due to "the length of time the appeals process can take"); *Tavurov v. Noem*, 819 F. Supp. 3d 1209, 1221 (W.D. Wash. 2026) (citing the Ninth Circuit's public website to estimate that "it takes approximately 6 to 12 months from the date of the notice of appeal to oral argument and, following argument, most cases take three months to a year for the Court of Appeals to decide the case").

The third factor favors Petitioner. Petitioner's Temporary Protected Status renewal application was denied in 2018, and DHS charged him as removable both because of his criminal activity and his status as an "alien present without admission or parole." (FAP, Ex. 6 at 77.) In the context of an "alien present without admission or parole," the question of "the crime that made [Petitioner] removable" shifts, as Petitioner was not necessarily made removable by a particular crime. (FAP, Ex. 6 at 77); *Martinez*, 2019 WL 5968089, at *7. *Martinez* makes clear that the civil detention

should be compared with the "most recent sentence" rather than the aggregate of total sentencing for past crimes. *Id.* at *9 (mentioning prior sentencing but ultimately comparing only the duration of Petitioner's "most recent sentence" with his "current detention"). In the context of a Petitioner removable based on his loss or lack of immigration status, the Court will use the predicate crime triggering Petitioner's detention under 8 U.S.C. § 1226(c)(1). In the present case, the conviction triggering detention under section 1226(c)(1) was grand theft conviction, for which Petitioner was sentenced to one year and four months of imprisonment. (Opp'n at 2; FAP Ex. 6 at 77.) Therefore, Petitioner's sentence for the crime predicating his ICE custody is less than half the duration of his current civil detention.

The fourth factor weighs in the Government's favor as Petitioner was convicted of serious crimes, including robbery and grand theft. (FAP Ex. 6 at 77.) Since the fourth factor of the *Martinez* analysis, unlike the third, accounts for "crimes" in the plural, Petitioner's full criminal history should be considered. 2019 WL 5968089, at *7.

The fifth factor is neutral, as neither party has presented any arguments or evidence about the conditions of Petitioner's confinement. *Martinez*, 2019 WL 5968089, at *9. "The more that the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that [they are] entitled to a bond hearing." *Gomez v. ICE Field Off. Dir.*, No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *5 (W.D. Wash. Jan. 27, 2026), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-cv-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026) (alterations in original) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 860 (D. Minn. 2019)). The Court recognizes that when presented, this factor often weighs in favor of the Petitioner; indeed, courts have noted that this factor favors the detainee in examining the conditions in the California City facility where Petitioner is currently held. *See Yang v. Chestnut*, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018, at *4 (E.D. Cal. Apr. 3, 2026) (holding the fifth factor "strongly" favors Petitioner because conditions at conditions in California City

detention facility are "deficient in provision of access to legal counsel, medical care, sanitation, food access, access to fresh air, and access to sufficiently warm clothing and bedding") (internal citation omitted); *Doe v. Chestnut*, 810 F. Supp. 3d 1169, 1201 (E.D. Cal. 2025) (noting that the evidence shows conditions at the California City facility are not only "inherently harsh but also worse than the conditions [the Petitioner] faced in state prison" and advising courts to weigh such conditions "appropriately"). However, as the parties have not presented any information on the conditions of Petitioner's confinement, this factor is neutral.

The sixth factor is also neutral. In assessing whether petitioners contributed to the delay, courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable," and "dilatory" or "bad faith" tactics that "deliberately slow the proceedings." *Martinez*, 2019 WL 5968089, at *10 (internal citations omitted) (collecting cases). Petitioner's motion to reopen his case based on changed country conditions and appeals to the BIA and the Ninth Circuit are proper avenues for relief that Petitioner is entitled to pursue and do not constitute bad faith delays. *See Liban M.J. v. Sec'y of Dep't of Homeland Sec.,* 367 F. Supp. 3d 959, 965 (D. Minn. 2019) (holding that Petitioner with a pending BIA appeal "is entitled to raise legitimate defenses to removal" and such defenses are not "dilatory").

The seventh factor favors the Petitioner. The delay remains "attributable to the Government" even when it is "not the result of intentional [government] action." *See Martinez*, 2019 WL 5968089, at *10. Petitioner was ordered removed on January 8, 2024. (FAP Ex. 1.) The Government continued to detain Petitioner for two years without taking action to effect Petitioner's removal before he filed a Motion to Reopen on January 16, 2026. (FAP Ex. 2 at 31). Therefore, the Government substantially delayed Petitioner's removal proceedings.

Finally, the eighth factor is neutral. The Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of

removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner: four of the five load-bearing factors, including the most important one – the length of Petitioner's detention – weigh in Petitioner's favor while only one weighs in the Government's favor. Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention entitles him to process, the Court holds the appropriate remedy at this stage of the proceedings is a bond hearing. *Lopez*, 631 F. Supp. at 882.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The First Amended Petition for Writ of Habeas Corpus (ECF No. 8) is GRANTED.
2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider

---

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here. *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).

Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions,* 872 F.3d 976, 1000 (9th Cir. 2017).

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 29, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10 – Alvarado26cv04367.merits